UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**     **CASE NO.  6:21-CR-00044-01**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**MATTHEW JERIMIAH FAULK (01)**     **MAGISTRATE JUDGE CAROL B. WHITEHURST**

## MEMORANDUM ORDER

Before the Court is a letter from Defendant Matthew Jerimiah Faulk wherein Faulk requests clarification of "with credit for time served" in the Final Judgment. (Doc. 44). In his letter, that this Court is construing as a Motion, Faulk complains that the Bureau of Prisons ("BOP") is not crediting his sentence for time served in accordance with the Judgment that sentenced him to 57 months of imprisonment with credit for time served.

The Court notes that the Judgment issued on July 18, 2022, committed Faulk to the custody of the Federal BOP for a term of 57 months with credit for time served in federal custody since March 29, 2021.[1] However, it appears that Defendant did not stay in federal custody due to a pending state parole hearing and a charge for 2nd degree battery which ultimately resulted in an additional two years of imprisonment in state custody.[2]

Fault was placed in federal custody on September 6, 2023 and the BOP gave him credit from August 12, 22 to September 5, 2023. Under 18 U.S. C. § 3585(a), a sentence commences when the defendant arrives at the facility where he will serve his sentence, or

---

[1] Doc. 40, p. 2.
[2] The Court has relied on input from the United States Probation Office for this information.

is detained in custody while waiting to be transported to that facility. Thus, a federal sentence cannot begin to run any earlier than the date on which it was imposed. *McCoy v. Stephens*, 2014 WL 4809946 at *3 (W.D. Tenn. Sept. 26, 2014); U*nited States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007); *Rashid v. Quintana*, 372 F.App'x 260, 262 (3d Cir. 2010). Additionally, the district court is not authorized to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served, as this lies with the Attorney General, who has delegated that authority to the BOP. *United States v.* Wilson, 503 U.S. 329, 334-35 (1992). Furthermore, the BOP may not base a decision to grant or deny prior custody credit based on the recommendations of the sentencing court. *Mehta v. Wigen*, 597 Fed.Appx. 676, 680 (3d Cir. 2015). Finally, to the extent Faulk's request is a *nunc pro tunc,* the Court finds no basis to order or adjudge that Faulk's term of imprisonment for the instant offense run concurrently with any later imposed state offense.

Section 3585(b) governs the application of prior custody credit and does not allow such credit if it has already been applied to another sentence. See, e.g., *Nguyen v. Department of Justice*, 173 F.3d 429 (6th Cir. 1999); *Ransom v. Morton*, 68 F.3d 481 (9th Cir. 1995*; Sinito v. Kindt*, 954 F.2d 467 (7th Cir. 1992). Accordingly,

**IT IS ORDERED** that Faulk's Motion for credit for time served is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 9th day of April, 2025.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE